IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 12-cv-01780-BNB


KENNETH ROSHAUN REID,

      Applicant,

v.

C. DANIELS,

      Respondent.

_____

ORDER OF DISMISSAL
_____

      Applicant, Kenneth Roshaun Reid, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Reid, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 requesting that the Court vacate his conviction and sentence. The Court must construe the Application liberally because Mr. Reid is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

      Mr. Reid was tried and convicted in the United States District Court for the District of South Carolina, Rock Hill Division, on one count of conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base and 500 grams or

more of cocaine, in violation of 21 U.S.C. § 846; one count of murder in violation of 18

U.S.C. § 924(j)(1); and two counts for unlawful possession of a firearm in violation of 18

U.S.C. § 922(g)(3).  *United States v. Reid*, No. 04-cr-00353-CMC, ECF No. 402 (D. S.C.

Aug. 4, 2006).  He was sentenced to 240 months on the § 846 violation, 120 months on

each § 922(g)(3) violation, and life imprisonment on the § 924(j)(1) violation.  *Id.*  All

sentences run concurrently.  Mr. Reid appealed his conviction; the conviction was

affirmed, *United States v. Reid*, 523 F.3d 310 (4th Cir. 2008); and Mr. Reid's petition for

certiorari review was denied by the Supreme Court on December 1, 2008.  *Reid v.

United States*, 555 U.S. 1061 (2008).

   A review of the court docket for the District of South Carolina indicates that Mr.

Reid filed a § 2255 motion on November 30, 2009, that was denied on September 17,

2010.  *See United States v. Reid*, 2010 WL 3724663, No. 04-cr-00353-CMC at ECF

Nos. 498 and 529 (relying on government's response), *appeal dismissed*, 419 F. App'x

310 (4th Cir. 2011).  Mr. Reid then filed a motion to reduce his sentence on August 8,

2011, that was construed as a successive § 2255 motion and dismissed without

prejudice for lack of jurisdiction.  *Reid*, No. 04-cr-0053-CMC at ECF No. 557.  Mr. Reid

filed a second motion to reduce his sentence on October 31, 2011.  *Id.* at ECF No. 559.

The District of South Carolina found that Mr. Reid's sentence guideline range is

unaffected by Amendment 750 to the Guidelines.  *Id.* at ECF No. 560.

   Finally, on June 6, 2012, Mr. Reid filed a request in his criminal case for

appointment of counsel to assist him with a new motion for reduction of sentence.  *Id.* at

ECF No. 579.  Mr. Reid insisted that he is eligible for a reduction of his sentence under

Amendment 750 because he is serving a crack cocaine sentence and the jury did not

determine the amount of drugs at issue as they were required to do.  *Id.*  The District of

South Carolina entered a text order denying the request for appointment of counsel

because Mr. Reid is not entitled to relief under Amendment 750.  *Id.* at 580.

Mr Reid now seeks relief from his sentence in this Court under 28 U.S.C. § 2241.

Mr. Reid asserts that he is innocent because the jury did not make a "threshold drug

finding."  Application, ECF No. 1, at 2-7.  He also contends that the sentencing court

erred in sentencing him to a § 841(b)(1)(C) crack cocaine offense because the

indictment did not include any lesser included offense for crack cocaine.  *Id.*

"A federal prisoner may file a § 2241 application to challenge the legality of his

conviction under the limited circumstances provided in the so-called savings clause of

§ 2255.  Pursuant to this savings clause, a § 2241 [application] may be appropriate if

the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an

applicant's] detention."  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)

(citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).  The

narrow reading of the savings clause is well established in the Tenth Circuit.  *See Prost*

*v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).  Rarely is a remedy inadequate or

ineffective to challenge a conviction in a § 2255 motion.  *Brace*, at 1169 (citing *Sines v.*

*Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 motion

does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also*

*Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ( The remedy available

pursuant to § 2255 is inadequate or ineffective only in "extremely limited

circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief.  *See Caravalho*, 177 F.3d at 1178.  Mr. Reid does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent.  *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)).  The Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test.  *See Prost*, 636 F.3d at 593-94.  Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, have been rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241.  *Prost*, 636 F.3d at 593-94.

The sentencing court addressed Mr. Reid's threshold drug claim and his indictment claim.  Specifically, the District of South Carolina agreed with the government's argument that because the jury found Mr. Reid guilty of conspiracy to possess with intent to distribute and distribute cocaine base, the conviction was not dependent on any finding of a particular quantity.  *Reid*, No. 04-cr-00353-CMC at ECF No. 524 and 529.

4

Finally, Mr. Reid bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective.  *Id.* at 584.  The sentencing court's denials of Mr. Reid's first § 2255 motion on the merits and his subsequent § 2255 motion as successive do not demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective.").

"[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction."  *Prost*, 636 F.3d at 587.  Nothing Mr. Reid asserts supports a finding that his initial § 2255 motion was inadequate or ineffective.  The Court, therefore, finds that the Application should be denied because Mr. Reid fails to demonstrate the remedy available to him in the sentencing court pursuant to § 2255 was inadequate or ineffective.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Reid files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Reid fails to assert that his remedy in the United States District Court for the District of South Carolina, Rock Hill Division, is ineffective and inadequate.  It is

5

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  30th  day of  ___July___, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court