IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01780-LTB

KENNETH ROSHUAN REID,

    Applicant,

v.

C. DANIELS,

    Respondent.

---

ORDER DENYING MOTION TO REOPEN

---

    The matter before the Court is the "Motion to Reopen 2241," ECF No. 22, that Applicant, Kenneth Roshuan Reid, a *pro se* prisoner litigant, filed on June 28, 2013. Mr. Reid, a federal prisoner housed in the State of Colorado, seeks reconsideration of the Order of Dismissal and the Judgment entered on July 30, 2012. The Court must construe the Motion liberally because Mr. Reid is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

    Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.

1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Applicant's Motion to Reopen pursuant to Rule 60(b) because it was filed well beyond the twenty-eight day time limitation for filing Rule 59(e) motions. *See Van Skiver*, 952 F.2d at 1243.

This case was dismissed because Mr. Reid has an adequate and effective 28 U.S.C. § 2255 remedy for his claims in the United States District Court for the District of South Carolina. Mr. Reid appealed this Court's dismissal, and the Tenth Circuit affirmed, finding that Mr. Reid had utterly failed to show why a § 2255 remedy is inadequate or ineffective. *See Reid v. Daniels*, No. 11-1304 (10th Cir. Oct. 5, 2012) (unpublished). In the Motion to Reopen, Mr. Reid contends that, because of a new ruling of law set forth under *McQuiggin v. Perkins,* — U.S. —, 133 S. Ct. 1924 (2013), and the finding in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), he has demonstrated actual innocence.

The Court finds nothing in *McQuiggin* or *Alleyne* that would suggest Mr. Reid does not have an adequate and effective remedy in the sentencing court. First, *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Alleyne* overruled the Supreme Court's decision in *Harris v. United States*, 536 U.S. 545 (2002), and held that the rule of *Apprendi* applies to facts that increase the statutory minimum sentence. Most recently, the Tenth Circuit held that *Alleyne* was decided on direct review, it is an extension of *Apprendi*, and other rules based on *Apprendi* do not apply retroactively on collateral review. *See In re: James Edward Payne*, No. 13-5103, 3 (10th Cir. Sept. 17, 2013). Furthermore, as the Court stated in the July 30 Order, the Tenth Circuit has

declined to adopt the *Reyes-Requena* test, which allows a habeas corpus application pursuant to § 2241 on a showing of actual innocence. *See Prost v. Anderson*, 636 F.3d 578, 593-94 (10th Cir. 2011). The Tenth Circuit also found that Mr. Reid's claims are patently frivolous.

Finally, the Court notes that Mr. Reid sought authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 based on the same arguments he has raised in the Motion to Reopen, which the Fourth Circuit denied. *See In re: Kenneth Roshaun Reid*, No. 13-354 (4th Cir. Sept. 9, 2013). As this Court stated in the July 30 dismissal, a denial of authorization for filing a successive § 2255 motion does not demonstrate that a § 2255 remedy is inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective.").

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion and the entire file, the Court finds that Mr. Reid fails to demonstrate any extraordinary circumstances that would warrant the Court reconsidering and vacating the July 30, 2012 Order of Dismissal. The Motion to Reopen, therefore, will be denied. Accordingly, it is

ORDERED that Mr. Reid's Motion to Reopen, ECF No. 22, is denied.

DATED at Denver, Colorado, this   19th   day of   September  , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court